2025 IL App (1st) 231484-U

No. 1-23-1484

June 3, 2025

Second Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 10 CR 8011 |
| | ) | |
| SAMUEL LEWIS, | ) | Honorable |
| | ) | Charles P. Burns, |
| Defendant-Appellant. | ) | Judge Presiding. |

_____

JUSTICE HOWSE delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

ORDER

¶ 1    *Held*:  We affirm the denial of postconviction relief following an evidentiary hearing.

¶ 2    Defendant Samuel Lewis appeals from the circuit court's denial of relief following an

evidentiary hearing pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq*.

(West 2022)). On appeal, defendant contends that he proved by a preponderance of the evidence

that he was denied effective assistance when trial counsel failed to inform him of the 45-year

maximum applicable prison sentence for armed robbery at the time that defendant rejected the State's 25-year offer. We affirm.

¶ 3    Defendant was charged with, relevant here, armed robbery and unlawful vehicular invasion arising out of a January 20, 2010, incident.

¶ 4    On June 12, 2012, trial counsel related to the court that defendant requested a conference pursuant to Supreme Court Rule 402 (eff. July 1, 1997). The State responded that based upon defendant's background and the use of a firearm, the minimum sentence for armed robbery, as charged, was 21 years' imprisonment and that an offer of 25 years at 50% had been made. According to the State, unless defendant would accept "at least 21 years," a conference would be a "waste."

¶ 5    The trial court told defendant that the conference would address one charge and that there were "sentencing guidelines" and "mandatory sentencing" that the court could not ignore. The court asked whether defendant wanted a conference on a charge where 21 years' imprisonment was the "bottom." Trial counsel responded that he believed that defendant wanted the court to consider reducing the charge or use its discretion to waive the "fifteen year or twenty year enhancer." The court replied that it could not "do that." Defendant then stated that he did not rob anyone and did not have a firearm, and that there was no firearm in evidence.

¶ 6    The court advised defendant that, by way of example, if the State offered 40 years' imprisonment and defendant wanted 21 years, the court could conduct a conference because that sentence would be within the sentencing range. The court admonished defendant that if he did not want to plead guilty "within that range," which was his right, then the matter would proceed to trial.

¶ 7    Defendant replied that he wanted a conference so that "he" could explain what defendant was "talking about."[1] The trial court reiterated that it could not "go lower" than 21 years. Defendant stated that he was "no armed robber." The record does not reflect whether a Rule 402 conference ultimately occurred.

¶ 8    The matter proceeded to a jury trial where defendant was found guilty of unlawful vehicular invasion and armed robbery. At trial, the victim testified that defendant pulled her from her vehicle, and that defendant and another individual, who was armed with a firearm, took various items. The court merged the counts, and imposed a 35-year prison sentence for armed robbery. On direct appeal, we affirmed. See *People v. Lewis*, 2015 IL App (1st) 130171.

¶ 9    On October 13, 2015, defendant filed a *pro se* petition for postconviction relief alleging ineffective assistance of counsel. He thereafter filed a *pro se* motion to amend the petition alleging, relevant here, that he would have accepted the State's offer of 21 years' imprisonment if he had known that he could be sentenced up to 45 years.[2] On December 7, 2015, the circuit court summarily dismissed the petition as frivolous and patently without merit. On appeal, we reversed and remanded for additional proceedings. See *People v. Lewis*, 2018 IL App (1st) 160332-U.

¶ 10    On remand, the petition was docketed and defendant obtained private counsel.

¶ 11    On February 1, 2022, postconviction counsel filed an amended postconviction petition alleging, relevant here, ineffective assistance based upon trial counsel's failure to tell defendant that the armed robbery charge carried a maximum sentence of 45 years in prison, which resulted

---

[1] Based on context, we assume that defendant referred to trial counsel.

[2] The motion to amend bears two filed dates, November 23, 2015, and December 8, 2015.

in defendant rejecting the State's 25-year offer based on his belief that the maximum sentence was 30 years.

¶ 12    In an attached affidavit, defendant averred that when trial counsel told him that the State offered 25 years, defendant requested a Rule 402 conference. Before the conference, the trial court told defendant that the minimum sentence as charged was 21 years. Defendant averred that because he did not believe that the State could prove that a firearm was used during the robbery, he did not want to "do" a Rule 402 conference where the minimum sentence was 21 years. Defendant further averred that when he rejected the conference and the State's offer, he did not know that the maximum sentence was 45 years. Rather, he believed that the maximum was 30 years and, had he known of the 20-year difference, he would have taken the offer rather than "risk" trial.

¶ 13    The State filed a motion to dismiss. Following argument, the court advanced to a third stage evidentiary hearing, *inter alia*, defendant's claim that he was denied effective assistance by trial counsel's failure to admonish him as to the maximum applicable sentence for armed robbery prior to his rejection of the State's offer.

¶ 14    At the May 25, 2023, evidentiary hearing, defendant testified that trial counsel was his third attorney. Trial counsel told defendant that if defendant went to trial, trial counsel would try to get the charges "dropped down" because a firearm was not found in defendant's possession. In other words, if the "worst" happened, defendant would be found guilty of a lesser charge like robbery. Defendant did not think that the firearm would affect his sentence and was unaware of the firearm enhancement. Trial counsel did not discuss the firearm enhancement, what would happen if the jury found that defendant possessed a firearm, or the concept of accountability with defendant. Defendant asserted that a co-offender was first mentioned after he "started" proceeding to trial.

Defendant believed that in order to be found guilty of armed robbery, the jury had to find that he actually possessed a firearm.

¶ 15    Defendant acknowledged that trial counsel told him about the State's offers. However, he asserted that trial counsel did not tell him the applicable minimum and maximum sentences. The first time defendant learned about the minimum sentence was in court. Neither trial counsel, the trial court, nor the State explained the maximum sentence, and trial counsel did not ask the trial court to admonish defendant as to the applicable sentencing range. Defendant first learned of the 45-year maximum sentence when he was found guilty. Had defendant known of the maximum sentence, he would have accepted the State's offer.

¶ 16    Defendant remembered telling the trial court that he was not an armed robber and did not possess a firearm. He did not have a firearm when he was arrested, was never "caught" with a firearm, and did not "do the crime." Although he was innocent, defendant would have taken the plea because he had children.

¶ 17    Trial counsel testified that he had practiced for 25 years. The beginning of trial counsel's career was "all" criminal law, including 2½ years with the office of the Will County Public Defender. Since that time, he did "more" civil ligation, but still "some" criminal law. In his career, he had participated in 20 to 25 jury trials and 60 or 70 bench trials, which included trials on felony charges.

¶ 18    Trial counsel's "best recollection" was that he and defendant "absolutely" discussed the "full range" of sentences that defendant was "looking at." Trial counsel and defendant discussed the firearm enhancement, how that would impact sentencing, and how to "deal with that issue" at trial. They also discussed, and trial counsel filed, a motion alleging that the enhancement was not

applicable. Trial counsel's "general practice" when his client did not have a weapon was to review the different concepts of "liability," but he did not recall having that "specific" conversation with defendant. Trial counsel did not "specifically recall" what defendant said about a plea offer, but did recall talking about the "potential range" and a Rule 402 conference. Trial counsel met with defendant multiple times, and defendant wanted to go to trial.

¶ 19    During cross-examination, trial counsel acknowledged that he represented defendant approximately 13 years prior and could not state "when and where and *** the exact language of" the conversation regarding the minimum and maximum sentences. Trial counsel met with defendant at the Cook County Jail. While trial counsel did not remember the exact conversation, they discussed "all" the options and defendant decided to proceed to trial. Trial counsel did not have a "specific recollection" whether an offer was made, but in reviewing documents to prepare for the hearing he saw "reference" to an offer. Trial counsel would not approach the State for an offer prior to speaking to his client, but he would "try and get a sense" of whether an offer could be explored. Trial counsel would not ask for an offer if his client would not accept.

¶ 20    At the court date where the defense asked for a conference, the State asserted that the minimum sentence was 21 years' imprisonment and that it made an offer of 25 years. One reason that defendant wanted a conference was to "address" the enhancement. Trial counsel believed that the trial court made a "reference" to the sentencing range of 21 to 40 years, so there was discussion of the "enhancement issues." Trial counsel did not believe there was a specific discussion of the maximum sentence and did not see anywhere in the record where he told defendant the maximum sentence.

¶ 21 During examination by the court, trial counsel stated that at the time this case was tried, his practice was "predominantly" civil. Around the time of defendant's trial, trial counsel participated in three to four other felony jury trials. He did not have any notes of his conversations with defendant. He had co-counsel for defendant's trial, did not believe that he filed motions for a new trial and to reconsider sentence, and did not represent defendant on appeal. Trial counsel characterized himself as "pretty confident and comfortable" as a criminal defense attorney.

¶ 22 On August 8, 2023, the circuit court denied defendant postconviction relief, finding, relevant, here, that defendant failed to show prejudice. The court considered defendant's "self-serving" testimony as well as trial counsel's testimony that it was counsel's practice to discuss the minimum and maximum sentences with clients. Moreover, trial counsel's alleged erroneous advice was not the only reason defendant rejected the plea offer when defendant maintained his innocence, stated he was not a robber, and wanted to go to trial. Finally, in his affidavit, defendant averred that he believed that the State would be unable to prove at trial that a firearm was used during the offense. The court concluded it was "more likely" that those factors influenced defendant to reject the plea, rather than counsel's potentially deficient advice.

¶ 23 On appeal, defendant contends that the circuit court erred in denying him postconviction relief when he established by a preponderance of the evidence that he was denied effective assistance by trial counsel's failure to admonish him as to the statutory maximum sentence of 45 years in prison. He asserts that he rejected the State's offer of 25 years because he believed the maximum sentence was 30 years.

¶ 24 Initially, the State contends that this claim is forfeited because defendant failed to raise it on direct appeal. See, *e.g.*, *People v. English*, 2013 IL 112890, ¶ 22 (a postconviction proceeding

permits "inquiry into constitutional issues involved in the original conviction and sentence that were not, and could not have been, adjudicated previously on direct appeal"). We disagree.

¶ 25    Here, defendant's claim is not just that trial counsel failed to admonish him of the maximum sentence on the record; rather, he contends that at no point, either during off-the-record conversations or before the trial court, did trial counsel inform him of the maximum 45-year sentence. As defendant's ineffective assistance claim rests in part on conversations between defendant and trial counsel regarding plea negotiations that were *de hors* the record, defendant could not have raised this issue on direct appeal. See *People v. Williams*, 2016 IL App (4th) 140502, ¶ 44 ("postconviction challenges based on a claim that the defendant was denied his constitutional right to the effective assistance of counsel during guilty-plea negotiations with the State are almost always based on matters that occur *de hors* the record"); *People v. Richardson*, 401 Ill. App. 3d 45, 48 (2010) (ineffective assistance claims based on matters *de hors* the record are improper for direct appeal). Thus, we address the merits of defendant's claim on appeal.

¶ 26    The Act provides a three-stage process for challenging a conviction that resulted from a substantial violation of a defendant's constitutional rights. 725 ILCS 5/122-1 *et seq*. (West 2022). Relevant here, at the third stage, the defendant must make a substantial showing of a constitutional violation. *People v. Pendleton*, 223 Ill. 2d 458, 473 (2006).

¶ 27    At a third stage evidentiary hearing, the circuit court "may receive evidentiary proof via affidavits, depositions, testimony, or other evidence." *People v. Gerow*, 388 Ill. App. 3d 524, 527 (2009). The circuit court serves as the finder of fact at the evidentiary hearing and, accordingly, it is the circuit court's function to determine witness credibility, decide the weight to be given to the evidence, and resolve evidentiary conflicts. *People v. Brown*, 2020 IL App (1st) 190828, ¶ 43.

Therefore, the "factual findings and credibility determinations made at a third-stage evidentiary hearing *** should be disturbed only if manifestly erroneous, that is, only if the court committed an error that is clearly evident, plain, and indisputable." (Internal quotation marks omitted.) *People v. Eubanks*, 2021 IL 126271, ¶ 47.

¶ 28    Claims of ineffective assistance during the plea bargain process are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). *People v. Hale*, 2013 IL 113140, ¶¶ 15-16 (citing *Missouri v. Frye*, 566 U.S. 134 (2012)). To succeed on a claim of ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness and that this deficient performance prejudiced the defendant. *People v. Johnson*, 2021 IL 126291, ¶ 52. The failure to satisfy either prong of *Strickland* is fatal to a claim of ineffective assistance. *Id*. ¶ 53.

¶ 29    A defendant has a constitutional right to elect what plea to enter (*Williams*, 2016 IL App (4th) 140502, ¶ 33) and to be reasonably informed as to the direct consequences of accepting or rejecting a plea bargain (*Hale*, 2013 IL 113140, ¶ 16). Counsel's performance is deficient if counsel fails to ensure that the defendant accepts or rejects a plea bargain voluntarily and intelligently. *People v. Marcus*, 2023 IL App (2d) 220096, ¶ 61. To establish prejudice, a defendant must demonstrate a reasonable probability that he would have accepted the plea bargain absent counsel's deficient advice. *Hale*, 2013 IL 113140, ¶ 18.

¶ 30    Such demonstration must include, however, more than the defendant's own subjective, self-serving assertions. *Id*. Instead, there must be " 'independent, objective confirmation that defendant's rejection of the proffered plea was based upon counsel's erroneous advice,' and not on other considerations." *Id*. (quoting *People v. Curry*, 178 Ill. 2d 509, 532 (1997)). Additionally,

a defendant must demonstrate a reasonable probability that the plea bargain would have been entered without the State withdrawing it or the trial court's refusal to accept it. *Id*. ¶¶ 19-20. "The disparity between the sentence a defendant faced and a significantly shorter plea offer can be considered supportive of a defendant's claim of prejudice." *Id*. ¶ 18.

¶ 31    Here, defendant contends that trial counsel's failure to inform him of the 45-year maximum sentence was deficient performance, and the court's denial of postconviction relief was against the manifest weight of the evidence. Defendant argues that he "unequivocally" testified that he was unaware of the 45-year statutory maximum sentence, that he rejected the State's 25-year offer based on his belief that the maximum sentence was 30 years, and that he would have accepted the State's offer had he known of the 45-year maximum sentence. Defendant challenges trial counsel's credibility, as trial counsel did not have a "specific recollection" of informing defendant of the statutory maximum and minimum sentences, and did not remember that there were plea negotiations and an offer in this case until counsel reviewed the case documents. Defendant concludes that trial counsel's memory regarding conversations with defendant is unreliable, and therefore, incredible.

¶ 32    Based on our review of the record, we cannot say that the circuit court's credibility determinations were against the manifest weight of the evidence. While trial counsel acknowledged that his practice was "predominantly" civil at the time of defendant's trial, he also had 2½ years of felony and misdemeanor criminal practice with the office of the Will County Public Defender, and had done numerous jury and bench trials. Trial counsel acknowledged that he did not remember "when and where and *** the exact language of" a conversation with defendant regarding the minimum and maximum sentences, which would have occurred

approximately 13 years earlier. However, trial counsel's "best recollection" was that they "absolutely" discussed the "full range" of sentences, the firearm enhancement, and how the enhancement would impact sentencing. Moreover, while trial counsel did not "specifically recall" what defendant said about the State's offer, trial counsel did recall talking about the "potential range" and a Rule 402 conference. Trial counsel met with defendant multiple times, and defendant wanted to go to trial.

¶ 33    Based on this testimony, the circuit court could conclude that trial counsel provided the necessary information for defendant to make an informed decision regarding the offer. See *Brown*, 2020 IL App (1st) 190828, ¶ 43 (as factfinder at an evidentiary hearing, the circuit court determines witness credibility and resolves evidentiary conflicts). Considering that the evidentiary hearing took place approximately13 years after the plea offer, it is unsurprising that trial counsel could not remember specific discussions in detail. Despite the alleged shortcomings in trial counsel's testimony as highlighted by defendant on appeal, the circuit court still found trial counsel's testimony credible.

¶ 34    Moreover, even absent trial counsel's alleged deficient performance, defendant's claim of ineffective assistance would also fail for lack of prejudice. In denying defendant postconviction relief, the circuit court noted that trial counsel's alleged erroneous advice was not the only reason defendant rejected the plea offer.

¶ 35    As discussed, a successful demonstration of prejudice in the plea bargain context must include more than a defendant's self-serving assertions; rather, there must be objective confirmation that he rejected the plea offer based on erroneous advice and not because of other considerations. *Hale*, 2013 IL 113140, ¶¶ 18-19.

¶ 36     Here, the record demonstrates that defendant rejected the plea offer for multiple reasons. When the parties discussed a possible Rule 402 conference, defendant denied being an armed robber and possessing a firearm, and asserted that there was no firearm in evidence. In the affidavit attached to the amended postconviction petition, defendant averred that he did not believe that the State could prove that a firearm was used during the robbery and he therefore did not want to participate in a Rule 402 conference where the minimum sentence was 21 years. Additionally, at the evidentiary hearing, defendant testified that he believed that in order to find him guilty, the jury would have to find that he possessed a firearm. Here, defendant's statements that he was innocent and his belief that the State could not establish that he possessed a firearm at trial, which defendant believed would prevent the jury from finding him guilty of armed robbery, supports the circuit court's conclusion that defendant rejected the plea for reasons other than trial counsel's potentially deficient advice. See *id.* ¶ 18. Accordingly, as defendant cannot establish prejudice, his claim of ineffective assistance fails. See *Johnson*, 2021 IL 126291, ¶ 53.

¶ 37     For the foregoing reasons, we conclude that defendant has failed to establish that the circuit court's ruling denying him postconviction relief was manifestly erroneous. We therefore affirm the judgment of the circuit court of Cook County.

¶ 38     Affirmed.